UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN K. CARPENTER,

    Plaintiff,

v.                                              CASE No. 8:10-CV-290-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.* Because the decision of the Commissioner of Social Security failed to make an adequate credibility determination, the decision will be reversed and the matter remanded for further consideration.

I.

The plaintiff, who was forty-two years old at the time of the administrative hearing and who has the equivalent of a high school education,

---

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 18).

has worked as a cement finisher and concrete design worker (Tr. 79, 585). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to nerve restrictions in his lower back and limited leg use (Tr. 78). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of chronic low back pain status-post lumbar spine surgeries, history of treated Hepatitis C, and alcoholism (Tr. 19). He concluded that these impairments restricted the plaintiff as follows (Tr. 20) (emphasis in original):

> [T]he undersigned finds that the claimant has the residual functional capacity to perform light work as defined in Social Security regulations; must avoid climbing of ropes and scaffolds and of ladders exceeding six feet; for sedentary occupations only, must be afforded a sit/stand/walk option permitting no more than five steps from the work station, a stretching maneuver, returning to the work station within one minute, performed not more than five times each hour; limited to occasional pushing/pulling with the bilateral lower extremities, including operating pedals unless the pedal requires less than five pounds to operate;

> must avoid prolonged (6 hours of an 8 hour shift) exposure to cold temperature extremes along with extreme wetness or humidity; must avoid unprotected heights.

The law judge determined that these restrictions prevented the plaintiff from performing past work (Tr. 26). However, based upon the testimony of a vocational expert, the law judge found that there are jobs that exist in significant numbers in the national economy that the plaintiff can perform, such as garage cashier and non-emergency dispatcher (Tr. 27). Accordingly, the law judge decided that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the

Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). In this case, also, the plaintiff must show that he became disabled before his insured status expired on December 31, 2007, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952. There is not a similar requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal: the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings."

Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff's only challenge is to the law judge's credibility determination. He asserts, among other things, that the law judge's conclusion is inadequate in explaining the reasons for the determination.

The plaintiff has a long history of back problems. He underwent a lumbar laminectomy in 2004 and 2007 and a lumbar discectomy in 2005, but continued to complain of back and leg pain. The plaintiff asserts that this pain is disabling (see Tr. 115, 604). Thus, the plaintiff testified at the hearing that he cannot lift more than eight pounds and he cannot walk more than twenty or fifty yards (Tr. 598-99). Further, he stated that he lies down, watching TV, for approximately four to six hours per day and that standing and sitting are painful (Tr. 600). The plaintiff alleged that he can only sit for about five minutes and that his medications made him drowsy (Tr. 602, 607). The law judge acknowledged the plaintiff's testimony in his decision, but did not find it fully credible (Tr. 21-22).

The Eleventh Circuit has established a standard for evaluating complaints of pain. As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of

an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985). In other words, this credibility finding must be adequately explained. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

Clearly, contrary to the plaintiff's assertion (Doc. 20, p. 9), the law judge in this case applied the Eleventh Circuit pain standard in evaluating the plaintiff's complaints of pain caused by his spinal impairments. The law judge referred to the pertinent regulations and Social Security rulings governing the assessment of subjective complaints (Tr. 20). Moreover, he set forth the controlling principles (Tr. 20-21). This demonstrates that the law

judge applied the proper standards. See Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

However, the plaintiff's further contention that the law judge's explanation for his credibility determination is insufficient has merit (see Doc. 20, pp. 9-10, 12-13). The law judge's credibility determination consisted of the following (Tr. 21):

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but the claimant's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not well-substantiated by objective medical evidence inasmuch as the objective medical evidence is highly inconsistent and varies from examiner to examiner. As a whole, the degree of impairment found by a particular examiner seems to depend on the willingness of that examiner to rely predominantly – if not entirely – on the self-reported subjective complaints expressed by the claimant. The undersigned finds the claimant's statements not entirely credible, when compared with the totality of the evidence.

The explanation for the credibility determination, which consists merely of one sentence and a part of another sentence, is too vague and general to permit judicial review.

The law judge's statement that "the objective medical evidence is highly inconsistent and varies from examiner to examiner" (Tr. 21) was not explained further. Although I have reviewed the entire transcript, I have no idea what the law judge had in mind when he referred to "highly inconsistent" and varying objective medical evidence.

Notably, the law judge's discussion of the medical evidence does not reflect "highly inconsistent" objective medical evidence that varies from examiner to examiner. Thus, he recognized that the plaintiff's MRIs, of which there are several, consistently showed large disc bulges, herniations, radiculopathy, and spinal stenosis (Tr. 22, 23-24, 25). Specifically, the law judge explained that a March 2006 MRI revealed the following (Tr. 22):

> [A] broad, relatively, large disc bulge with a possible small central annular tear at L1-L2. A large disc bulge or protrusion extended more to the right and also suggested a large peripheral annular tear. He had moderate to moderately severe multifactorial acquired spinal stenosis at L3-L4. At L4-L5, the claimant had extensive loss of the

> disc space and endplate changes consistent with advanced arthritic and post-surgical changes. At L5-S1 the claimant had a large central and paracentral left disc herniation.

The law judge also summarized a February 2007 (Tr. 23-24) and a January 2008 MRI (Tr. 25), which also evidenced disc bulges, spinal stenosis, and herniation. Further, he noted that treating doctor John C. Amann's impression, based on the MRIs and radiographs, was of "degenerative changes in the discs and joints in the lower lumbar levels as well as narrowing of the exit point for nerves at several levels" (Tr. 23). These findings do not appear to be highly inconsistent and to vary from examiner to examiner.

The law judge also predicated his credibility determination on the ground that the degree of impairment found by a particular examiner seems to depend on the willingness of that examiner to rely predominately – if not entirely – on the plaintiff's self-reported subjective complaints (Tr. 21). Again, this vague assertion is not explained further. Thus, the law judge failed to name the doctors he believed relied on the plaintiff's subjective

complaints rather than the numerous MRIs and other tests. That circumstance was not apparent to me in my review of the transcript.

The Commissioner's response fails to show that the vague reasons given by the law judge are supported by the evidence. Thus, the Commissioner states that "the medical objective findings were inconsistent and varied from examiner to examiner," and follows that statement with a string citation of a number of pages of the record (Doc. 21, p. 12). That assertion is little better than the one proffered by the law judge. It is not this court's obligation to cobble together an argument to support the law judge's vague credibility determination. If there were meaningful "highly inconsistent" objective findings, then it was the Commissioner's responsibility to articulate them. It is appropriate to add that the mere fact that, over time, different examiners might have expressed their findings in different terms does not establish that the plaintiff did not have a serious back impairment.

The Commissioner, rather than attempting meaningfully to support the law judge's reasons, argues that the testimony should be discounted because the plaintiff had extended periods without treatment and

engaged in significant daily activities (id., pp. 13-14). That argument will not suffice, however, because post hoc rationalizations of litigating counsel do not provide the basis for judicial review of an administrative decision. Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Insurance Co., 463 U.S. 29, 50 (1983). The responsibility for making credibility determinations is placed with the law judge, and not with the Commissioner's lawyer. Accordingly, the Commissioner's argument does not remedy the deficient credibility determination.

In sum, the law judge did not set forth an adequate explanation for his credibility determination. As a consequence, the requisite judicial review cannot be undertaken. See Cannon v. Bowen, supra, 858 F.2d at 1541; Walker v. Bowen, 826 F.2d 996 (11th Cir. 1987).

The plaintiff argues that, due to the deficient credibility determination, the proper remedy is an award of benefits, and not a remand (Doc. 20, pp. 11, 13). There is language in MacGregor v. Bowen, 786 F.2d 1050 (11th Cir. 1986), and Cannon v. Bowen, supra, for the proposition that, if a law judge fails clearly to articulate reasons for rejecting the plaintiff's

subjective complaints, that evidence must be accepted as true as a matter of law. That, however, is not the governing principle. There is an earlier line of Eleventh Circuit authority that holds that, if a credibility determination is inadequate, a remand to the agency for further consideration is the proper remedy.

"Under the well-established prior panel precedent rule of this Circuit, the holding of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court." Smith v. GTE Corp., 236 F.3d 1292, 1300 n.8 (11th Cir. 2001). Accordingly, when Eleventh Circuit decisions conflict, the earliest one is the one to follow. Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000), cert. denied, 531 U.S. 957 (2000).

As indicated, MacGregor v. Bowen, supra, and Cannon v. Bowen, supra, set forth the principle that inadequately discounted testimony must be accepted as true. MacGregor did, in fact, announce the principle, but provided no case authority (or any other authority) for it. 786 F.2d at 1054.

Thus, the principle relied upon by the plaintiff was first announced in April 1986.

Substantially before that date, the Eleventh Circuit and the former Fifth Circuit remanded cases to the agency when there was a failure to provide an adequate credibility determination. See, e.g., Boyd v. Heckler, 704 F.2d 1207, 1211 (11th Cir. 1983); Smith v. Schweiker, 646 F.2d 1075, 1082-83 (5th Cir. 1981). In fact, a remand to the agency was a course followed even after April 1986 when there was an erroneous credibility determination. See, e.g., Johns v. Bowen, 821 F.2d 551, 557 (11th Cir. 1987); Mason v. Bowen, 791 F.2d 1460, 1462 (11th Cir. 1986). Notably, in Boyd v. Heckler, supra, which was decided in May 1983, the court of appeals not only found that a credibility determination was flawed, but also that the district court had erred in awarding benefits to the plaintiff. The Eleventh Circuit stated that "[t]he correct procedure would have been to vacate the Secretary's decision and remand the case for further consideration pursuant to Smith v. Schweiker, supra," which set forth principles for evaluating subjective complaints of pain. That holding, which predates MacGregor, sets forth the correct procedure for this case. The Boyd holding, moreover, is consistent

with, and supported by, the basic principle of administrative law that, where Congress entrusts an administrative agency to make a determination, a court is not generally empowered to conduct a de novo inquiry into the matter and reach its own conclusion, but rather, except in rare circumstances, the court should remand the case to the agency for additional investigation or explanation. Immigration and Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002).

A remand is clearly in order in this case since the law judge made a credibility determination, but did not adequately explain it. Particularly in that circumstance, this court does have the authority to usurp the law judge's fact-finding and render a contrary credibility determination. Accordingly, the proper remedy is a remand for further consideration at the administrative level of the credibility of the plaintiff's testimony.

It is appropriate to add that, in all events, an award of benefits could not be rendered at this level in light of the plaintiff's serious drinking problem. Thus, before an award of benefits could be made based upon a determination of disability, a finding would have to be made that alcoholism

-15-

is not a contributing factor material to that determination. 42 U.S.C. 423(d)(2)(c), 1382c(3)(J).

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby REVERSED and the matter is REMANDED to the Commissioner for further proceedings. The Clerk shall enter judgment accordingly and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 24th day of February, 2011.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE